# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:04CR100

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DAVID JEFFREY BLACKFOX, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on August 10, 2005 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Joel Trilling, and that the Government was present through Assistant United States Attorney, Jill Westmoreland Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on August 10, 2005. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a Bill of Indictment filed October 4, 2004, with engaging or attempting to engage in a sexual act with another person who had attained the age of twelve years but had not attained the age of sixteen years and who was at least four years younger than the

defendant in violation of 18 U.S.C. § 2243(a) and 1153. A hearing was held in regard to detention of the defendant on October 12, 2004. On that date, Judge E. S. Swearingen entered an order releasing the defendant on a $5,000.00 unsecured bond. Judge Swearingen further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of Federal, State or local law while on release in this case.

(7)(a) Report to the office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

(7)(m) Refrain for use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

By Order dated June 1, 2005 the defendant's condition of pretrial release were modified and the defendant was placed on a curfew with electronic monitoring.

On November 10, 2004, the defendant tested positive for the use of marijuana. The defendant admitted on November 10, 2004 that he had used marijuana on or about November 4, 2004. On March 22, 2005 the defendant tested positive for marijuana. On August 6, 2005 the defendant failed to return to his residence at his 9:00 o'clock p.m. scheduled return time. At the time of the filing of the violation report on August 9, 2005, the defendant's whereabouts were unknown and the United States Probation Office considered the defendant to have absconded from pretrial supervision.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a Federal and State crime while on release. The defendant possessed marijuana on two occasions so that he could consume that substance. That possession violated both Federal and State law.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant has violated the term and condition that states that he has been ordered to refrain from use or unlawful possession of narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by licensed medical practitioners.

There has further been shown by clear and convincing evidence that the defendant has violated the terms of release that ordered him to report to the office of Probation and Pretrial Services to the extent and in the manner that that agency determined to be appropriate and ordered

the defendant to be placed on a curfew with electronic monitoring. The defendant failed to return to his residence on August 6, 2005 and absconded from pretrial supervision.

Due to the findings made above and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: August 16, 2005**

_Dennis C. Howell_

Dennis L. Howell
United States Magistrate Judge